

Office of the New York State
Attorney General

Letitia James
Attorney General

January 21, 2026

**By ECF**
Honorable Diana Gujarati
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Gujarati:

      The Office of the New York State Attorney General ("OAG") represents defendant RuthAnne Visnauskas, who is sued in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal ("DHCR") in this action. Pursuant to Section III.A of the Court's Individual Practice Rules, I write to request a pre-motion conference for defendant's anticipated Rule 12(b) motion to dismiss the complaint, or a briefing schedule for that motion.

      This action concerns an as-applied regulatory takings (Count I) and due process (Counts II and III) challenge brought by plaintiff Balanced Housing Solutions, a purported association of property owners, on behalf of its members. Compl. ¶¶ 1-3, 19. Plaintiff seeks declaratory and injunctive relief barring DHCR's enforcement of the State's rent stabilization laws—specifically, the substantial rehabilitation exemption's requirements—against Plaintiff's members. *Id.* at 38-39.

## I.    Factual Background

      All buildings in New York City with six or more rental units built before 1974 are generally subject to rent stabilization. Emergency Tenant Protection Act of 1974 ("EPTA") § 5. As relevant here, the Legislature codified a limited exemption to rent stabilization for "substantially rehabilitated" rental buildings. *Id.* § 5(5). As the agency responsible for administering the ETPA, DHCR has promulgated regulations governing when the exemption applies. Under those regulations, an owner may deregulate (i.e., remove units from rent stabilization and charge market rents) upon proof that the owner substantially rehabilitated a building "that was in a substandard or seriously deteriorated condition" prior to the rehabilitation by replacing at least 75% of "building-wide and individual housing accommodation systems." 9 N.Y.C.R.R. § 2520.11(e).

      Prior to 2023, DHCR regulations provided that evidence that a building was at least 80% vacant (prior to any rehabilitation) created a rebuttable presumption that the building was in "a substandard or seriously deteriorated condition" for purposes of qualifying for the substantial rehabilitation exemption. 9 N.Y.C.R.R. § 2520.11(e)(3) (2021); Op. Bulletin 95-2 (Dec. 15, 1995). DHCR eliminated this evidentiary presumption in November 2023, following notice and comment.

Compl. ¶ 104. The basis for the change was DHCR's conclusion, based on decades of experience administering the exemption, that the vacancy rate was easily manipulated by owners, "seemingly rewards keeping units off the market," and thus was not a reliable indicator of a building's physical condition. Compl. ¶ 105. Both before and after 2023, DHCR guidance made clear that property owners bear the burden of demonstrating that their properties met the criteria for the substantial rehabilitation exemption "based upon the totality of the circumstances." *Compare* Op. Bulletin 95-1 at 2 *with* Op. Bulletin 2023-3 (Nov. 21, 2023) at 2.

## II. Procedural History

In 2023, DHCR, in conjunction with OAG's Housing Protection Unit, began investigating a number of Plaintiff's members for unlawfully collecting market rents for rent stabilized units that did not qualify for the substantial rehabilitation exemption. On November 25, 2025, faced with an imminent enforcement action, Compl. ¶ 22, Plaintiff commenced this preemptive federal suit to forestall enforcement of state law against its members.

A few days later on December 1, 2025, OAG and DHCR commenced their enforcement action in state court against approximately thirty property owners, whom Plaintiff alleges are its members (Compl. ¶ 19). *See State of New York v. Peak Capital Advisors, LLC et al.*, Index No. 453503/2025 (N.Y. Cnty. Supr. Ct.).[1] In the 69-page complaint, OAG and DHCR charge Plaintiff's members with fraud, deceptive business practices, and violations of the State's rent stabilization laws arising out of a pattern of unlawfully deregulating buildings and units despite knowing that the buildings and units did not qualify for the substantial rehabilitation exemption when they purchased and renovated them. Ex. A ¶¶ 1-4.

## III. The Complaint Should Be Dismissed

### a. Plaintiff Lacks Standing to Maintain this Unripe Action

Plaintiff lacks associational standing to assert the as-applied regulatory takings and due process claims on behalf of its members. The Second Circuit has squarely held that such claims turn on fact-specific analyses and thus require the individual participation of an association's members. *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 596-97 (2d Cir. 1993) (organization lacks associational standing to bring as-applied regulatory takings and due process claims).

Even assuming Plaintiff could establish standing, its claims should be dismissed because they are not ripe. "[A] claim that a regulation effects an as-applied taking cannot be properly adjudicated until there is no question about how the regulations at issue apply to the particular property in question." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 565 (2d Cir. 2023) (cleaned up). Here, Plaintiff's failure to allege any final determinations as to how DHCR's enforcement will impact any member or building compels the dismissal of Plaintiff's unripe claims. *Id.*

### b. This Action Should be Dismissed on Abstention Grounds

Separately, this Court should abstain from hearing this case under *Younger v. Harris*, 401

---

[1] A copy of the complaint in the *Peak Capital Advisors* action is annexed here as Exhibit A. The same counsel represents Plaintiff in the instant federal action and defendants in the state-court action.

U.S. 37 (1971). *Younger* requires federal courts to abstain to avoid interfering with ongoing state proceedings involving important state interests where, as here, the federal plaintiff may obtain review of its federal claims in the state proceedings. *See Amazon.com, Inc. v. James*, No. 21-cv-767 (BMC), 2021 WL 3516382, *4-5 (E.D.N.Y. Aug. 10, 2011) (dismissing preemptive federal action filed days before state enforcement action based on *Younger*). It is well established that *Younger* applies in the civil context, including, as relevant here, to state-court actions brought by state actors seeking to enforce state law. *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013).

All of the *Younger* requirements are met in this case. DHCR and OAG, two state agencies, commenced the ongoing state-court action against Plaintiff's members following a multi-year investigation. Plaintiff's members will have the opportunity to assert all of their fact-based and legal defenses, as well as their takings and due process claims, in the pending state-court case. The Court should thus dismiss this federal action in deference to the parallel state-court proceedings based on *Younger* and related abstention doctrines. *See also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (federal courts should abstain in declaratory judgment actions to avoid wasteful and duplicative litigation and forum shopping).

### c. Threshold Deficiencies Aside, the Complaint Fails to State a Claim

Plaintiff's claims fail on the merits because they are premised on a faulty premise (Compl. ¶ 139): that its members satisfied the criteria for the substantial rehabilitation exemption based solely on evidence that their properties had an 80% vacancy rate prior to any qualifying rehabilitation. Nothing in the text of the pre-2023 regulation or DHCR operational guidance relied on by Plaintiff supports its suggestion that a property's vacancy rate constituted conclusive evidence of a property's substantially deteriorated condition such that DHCR is precluded from considering other proof about a building's condition. *See* Op. Bulletin 95-1 at 2 (pre-2023 guidance providing that DHCR's determination of an owner's eligibility for the substantial rehabilitation exemption shall be made "based upon the totality of the circumstances"). Reliance on an erroneous understanding of the exemption's requirements cannot support any regulatory takings claim. *E.g.*, *74 Pinehurst LLC v. New York*, 59 F.4th 557, 567 (2d Cir. 2023) (regulatory taking claim turns on evaluation of an investor's "*reasonable*, investment backed expectations") (emphasis added).

Additionally, the complaint's vague and conclusory allegations of economic harm purportedly attributable to DHCR's pending enforcement—namely, loss of investments and inability to cover operating expenses due to unspecified lower rental income (Compl. ¶¶ 129-132)—fall far short of stating a regulatory takings claim. *E.g.*, *74 Pinehurst*, 59 F.4th at 566 (claims that owners "were required to accept below-market . . . rents" insufficient). Indeed, Plaintiff fails to provide *any* specifics quantifying the purported financial injury that DHCR's challenged enforcement will have on a single member or building. Moreover, even were it proper to consider Plaintiff's takings challenge under the substantive due process lens, *but see id.*, substantive due process is not violated by DHCR's reasonable reliance on direct evidence of the physical condition of Plaintiff's members' properties, such as descriptions and photographs contained in appraisal reports (*e.g.*, Ex. A ¶¶ 152-158, 183-185), in determining whether the properties were in seriously deteriorated condition so as to qualify for the substantial rehabilitation exemption. *See 74 Pinehurst*, 59 F.4th at 569 (rejecting due process challenge to rent stabilization laws under deferential rational basis standard applicable to economic regulation).

        Respectfully submitted,

        /s/ Linda Fang
        LINDA FANG
        Special Litigation Counsel
        212-416-8580
        Linda.Fang@ag.ny.gov