

250 Vesey Street
27th Floor
New York, NY 10281



wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

February 2, 2026

**Via ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Gujarati:

On behalf of Plaintiff Balanced Housing Solutions (BHS), we write in response to Defendant's pre-motion-conference request regarding a dismissal motion (Motion). *See* Dkt. 11.

We disagree with the Motion's anticipated arguments. With respect to *Younger* abstention in particular, this case falls well outside the narrow abstention grounds. *See Cavanaugh v. Geballe*, 28 F.4th 428, 435 (2d Cir. 2022) (finding state case fell outside of the "narrow class of state civil proceedings" to which *Younger* applies). Federal courts have a "virtually unflagging" obligation to exercise jurisdiction conferred upon them. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77, 81 (2013) (*Younger* abstention limited to the exceptional circumstances of criminal or quasi-criminal proceedings). This is especially true where, as here, the State seeks deference to a proceeding brought in bad faith. *Cullen v. Fliegner*, 18 F.3d 96, 104 (2d Cir. 1994) (finding of bad faith precluded *Younger* abstention); *see also Perez v. Ledesma*, 401 U.S. 82, 118 n.11 (1971) (Brennan, J., *concurring*) ("Bad-faith harassment can, of course, take many forms," including meritless prosecutions) (citations omitted).

Nevertheless, to focus motion practice, we will amend the complaint to address the Defendant's arguments. *See* Fed. R. Civ. P. 15(a)(1)(B) (plaintiff may amend his complaint as of right within "21 days after service of a motion under Rule 12(b)"). Among other allegations, the amendment will add:

    1) <u>additional plaintiffs</u>, to wit, the 31 LLCs (all are BHS members) that own the buildings impacted by the regulatory takings at issue in this matter (the "Impacted Buildings"); and

    2) <u>specific averments</u> of bad-faith and retaliatory actions taken by the DHCR against the Impacted Buildings as foundations for discovery and a hearing on the bad-faith exception to *Younger* abstention. *See Kern v. Clark*, 331 F.3d 9, 10 (2d Cir. 2003) (necessity of hearing to resolve factual disputes on claim of bad faith as exception to *Younger* abstention); *Sica v. Connecticut*, 331 F. Supp. 2d 82, 87 (D. Conn. 2004) (same).

Our amendment will be substantial given the building-by-building impact assessment demanded by Defendant. Thus, we respectfully request two additional weeks, until February 25, 2026, to file the amended complaint. Defendant consents.

Accordingly, the Court should deny Defendant's request, without prejudice.

1

Respectfully submitted.

 */s/ Jim Walden*
Jim Walden
Hunter Pearl
Walden Macht Haran & Williams LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
jwalden@wmhwlaw.com
hpearl@wmhwlaw.com

*Attorneys for Plaintiff*