

Office of the New York State
Attorney General

Letitia James
Attorney General

March 10, 2026

**By ECF**
Honorable Diana Gujarati
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Gujarati:

      The Office of the New York State Attorney General ("OAG") represents defendant RuthAnne Visnauskas, who is sued in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal ("DHCR") in this action. In November 2025, plaintiff Balanced Housing Solutions commenced this federal action. A few days later, DHCR and OAG filed their enforcement action against plaintiff's purported members in state court—the culmination of a years-long investigation. *See State of New York v. Peak Capital Advisors, LLC et al.*, Index No. 453503/2025 (N.Y. Cnty. Supr. Ct.).

      In January 2026, DHCR requested a pre-motion conference for its anticipated motion to dismiss. In that submission, DHCR explained that the complaint was subject to dismissal on several independent grounds, including lack of standing, ripeness, abstention, and failures to state a claim. *See* ECF No. 11. In February 2026, plaintiff amended its complaint purportedly to "address [defendant's] arguments" for dismissal. *See* ECF No. 12 at 1. The amendments consisted of adding the state-court defendants in the pending enforcement action as plaintiffs, and a "class-of-one" equal protection claim (Count IV). *See* ECF No. 14-1 (redline of amended complaint). Plaintiffs also added allegations about "bad-faith and retaliatory actions" by DHCR and the alleged economic impacts of DHCR's enforcement action. *See* ECF No. 12 at 1.

      Because the amendments do not cure any of the many deficiencies of plaintiffs' pleading, I write to renew DHCR's request for a pre-motion conference or a briefing schedule for a Rule 12(b) motion to dismiss. DHCR respectfully incorporates its prior pre-motion submission (ECF No. 11) herein because the arguments contained in its earlier submission apply with equal force to the amended complaint.

**I.    None of the Amendments Save the Amended Complaint from Dismissal**

      *First*, as DHCR previously explained, this is the prototypical case warranting *Younger* abstention because, among other things, plaintiffs will have an opportunity to obtain judicial review of all of their federal claims in the pending state-court action. *See* ECF No. 11 at 2-3. In

attempting to evade *Younger*, plaintiffs now allege that DHCR engaged in "bad faith" by: (1) filing the enforcement proceeding in state court, which "is not a neutral forum for adjudication" (Am. Compl. (ECF No. 14) ¶¶ 15-16); (2) failing to plead in the state-court complaint potential *defenses* the state-court defendants may assert or sufficient details about their alleged wrongdoing (*e.g.*, *id.* ¶¶ 141-142, 159(g), 160(g)); and (3) "wholly ignor[ing] exculpatory evidence [DHCR] collected during its investigation" (*id.* ¶ 152).

These conclusory assertions are wholly insufficient to satisfy the "tightly defined" "bad faith" exception to *Younger*. *Diamond "D" Constr. v. McGowan*, 282 F.3d 191, 197-99 (2d Cir. 2002). The amendments do not come close to establishing that DHCR has "no reasonable expectation of obtaining a favorable outcome" in state court, or that the agency was subjectively motivated by the intent to harass or retaliate when it initiated its investigation in 2023 or filed suit in 2025. *Cullen v. Fliegner*, 18 F.3d 96, 103-04 (2d Cir. 1994); *Kirschner v. Kelmons*, 225 F.3d 227, 236 (2d Cir. 2000) (conclusory allegations of bias insufficient); *Augustin v. Digirolamo*, No. 25-cv-3332 (NCM), 2025 WL 2689598, *6 (E.D.N.Y. Sept. 9, 2025) (absence of allegations about defendants' "subjective motivations" is dispositive). Plaintiffs' criticisms of DHCR's investigation and complaints about the sufficiency of the state-court pleading fall far short of meeting the demanding standards for invoking the "bad faith" exception to *Younger*. *See, e.g.*, *Amazon.com v. James*, No. 21-cv-767 (BMC), 2021 WL 3516382, *6 (E.D.N.Y. Aug. 10, 2021) (applying *Younger* in dismissing complaint containing similar allegations of purported "bad faith" by OAG).

**Second**, plaintiffs' new allegations about DHCR and OAG's past settlement with another property developer—"Company A" (or Greenbrook Holdings (Am. Compl. ¶ 80 n.31))—fails to state a plausible equal protection claim. Indeed, the very settlement agreement referenced by plaintiffs in the amended complaint demonstrates that the violations of state law settled in the Greenbrook matter did not concern the substantial rehabilitation exemption. *See In the Matter of Greenbrook Holding* LLC, Assurance No. 22-064 (Oct. 11, 2022), available at https://tinyurl.com/4za7sw6z. That a different party obtained a supposedly more favorable *settlement* in a different case involving different facts does not suffice to show that plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diagnostic Labs, Inc. v. Kusel,* 626 F.3d 135, 140 (2d Cir.2010) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam)).

**Third**, plaintiffs' additional allegations about the purported economic harms to individual property owner plaintiffs do not cure the fatal defects of their claims. Allegations that some plaintiffs, if required to collect regulated rents, will operate at a loss or at a reduced (but still positive) margin (*e.g.*, Am. Compl. ¶¶ 160(f), 161(f)) are insufficient to state a viable regulatory takings or due process claim for the same reasons already explained in DHCR's earlier pre-motion letter. *See* ECF No. 11 at 3.

                                                 Respectfully submitted,

                                                 /s/ Linda Fang
                                                 LINDA FANG
                                                 Special Litigation Counsel
                                                 212-416-8580
                                                 Linda.Fang@ag.ny.gov