
March 29, 2026

**By ECF**
Honorable Diana Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Gujarati:

Pursuant to the Court's direction, the parties submit this letter to provide their respective views as to the appropriate next steps in this action.

**For Plaintiffs**: Plaintiffs respectfully request that the Court order mediation or settlement and refrain from setting a briefing schedule at this time. As explained at the pre-motion conference, Plaintiffs are under severe economic strain; the exceedingly thin margins from the small buildings (whose apartments are at issue) are barely sufficient to sustain the legal bills already incurred. Plaintiffs have tried in earnest to negotiate with DHCR and the Attorney General's office in the state action but have waited for two months without receiving any counterproposal to the two proposals made. If Defendant has been sincere about its intent to try to resolve both cases, they are not prejudiced by having oversight by this Court's ADR processes, which will move the process along. Referral to mediation or settlement will also spare this Court, and the state court, from diverting already strained judicial resources.

**For Defendant**: The State Division of Housing and Community Renewal ("DHCR") respectfully requests that the Court set a briefing schedule for its Rule 12(b) motion to dismiss and not refer the parties to mediation.[1] Should the Court refer the parties to mediation, DHCR requests that the Court also set a briefing schedule so that briefing can occur simultaneous with any mediation. In DHCR's view, referring the parties to mediation would not be productive because the federal action concerns legal questions about DHCR's authority and ability to enforce provisions of the State's rent stabilization laws which are not negotiable. The parties are already engaged in settlement discussions in the pending state enforcement action and those discussions will continue with or without federal mediator intervention. And in any event, whether the state-

---

[1] The parties had previously negotiated a proposed briefing schedule (*see* ECF No. 18 at 3) with the State's moving brief due April 17, plaintiffs' opposition due May 18, and the State's reply due June 8. DHCR requests that the Court adopt this proposed briefing schedule.

court parties are able settle their regulatory disputes should not delay DHCR's exercise of its right to defend itself in this federal action by moving to dismiss, especially where dismissal is sought, among other things, based on weighty considerations of federal-court deference to the ongoing state-court proceedings.

We thank the Court for its consideration in these matters.

Respectfully submitted,

/s/ Linda Fang

LINDA FANG
Special Litigation Counsel
212-416-8580
Linda.Fang@ag.ny.gov