

June 11, 2026

**<u>By ECF</u>**
Honorable Diana Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Gujarati:

  Pursuant to the Court's direction, I submit this letter on behalf of the parties to provide a status update. On April 10, 2026, the Court directed the parties to mediation. The parties selected retired Magistrate Judge Steven M. Gold as their mediator, and scheduled two 6-hour sessions (June 4 and June 22). In May 2026, the parties submitted pre-mediation statements, conducted pre-mediation calls with Judge Gold, and exchanged proposals for settlement that would resolve both the state and federal actions. Counsel for defendant the State Division of Housing and Community Renewal ("DHCR") and attorneys from the Attorney General's Office's Housing Protection Unit met with Judge Gold for approximately two hours on May 29 and June 1, and plaintiffs met with Judge Gold for approximately one hour on June 1. The parties then met with Judge Gold for mediation on June 4 for approximately 6 hours. At the conclusion of the June 4 session, Judge Gold declared an impasse.

  The parties now respectfully request the following briefing schedule for defendant's Rule 12(b) motion to dismiss:
- Moving brief due July 3, 2026
- Opposing brief due August 17, 2026
- Reply brief due August 31, 2026

**For Plaintiffs**:

  Defendant's position remains unchanged: Defendant will not settle other than with a proposal that will bankrupt the portfolio of buildings. After the failed mediation, we asked Defendant to negotiate a partial settlement covering some buildings, which could streamline the pending cases, narrow the issues in dispute, and keep some buildings solvent. We expressed our willingness to mediate, using the second day of mediation, if Defendant is willing to show some greater flexibility. Defendant apparently continues to mull that suggestion. Barring agreement to negotiate further, we oppose a discovery stay.

Instead, we seek expedited discovery upon good cause in aid of the administration of justice,[1] including documents showing DHCR's long history of granting substantial-rehabilitation exemptions to building that are substantially similar to those at issue here, even when owner's used "buyout" agreements to secure tenant vacancies. Defendants have rejected numerous requests to search for and produce these documents. They have taken their hard-line position on settlement despite knowing that such documents exist. It is only the withholding of these documents that permits Defendant to maintain their intransigence. Whether that motion is heard by Your Honor or Magistrate Judge Scanlon, we propose the same schedule as the one proposed above for the Defendant's Rule 12(b) motion.

**For Defendant**:

Settlement: After the conclusion of the June 4 mediation, on June 8, 2026, plaintiffs suggested they would make a new written proposal by June 21 for a partial resolution of the state court action. Plaintiffs stated that the federal action would continue with the same claims irrespective of the partial state court settlement, potentially with a smaller subset of non-settling plaintiffs. DHCR responded that it does not have an objection to continuing discussions towards narrowing the state court action, whether with a mediator or without, but since the federal case was not part of the proposed potential resolution, the parties should return to litigation before this Court notwithstanding any continuing discussions involving only the state court action.

Discovery: The parties had previously jointly requested a stay of discovery pending resolution of defendant's Rule 12(b) motion to dismiss (ECF Nos. 16, 24), but plaintiffs have since changed their position. Although DHCR continues to believe that a stay of discovery is warranted in the interests of conserving judicial and party resources, should the Court and Judge Scanlon disagree, defendant respectfully requests that the Court and Judge Scanlon reschedule the initial Rule 16 conference. Defendant intends to oppose plaintiffs' proposed motion for unilateral expedited discovery—especially any such motion made ahead of a Rule 26 conference or the entry of a case management schedule by the Court.

\*\*\*

The parties thank the Court for its consideration in these matters.

Respectfully submitted,

/s/ Linda Fang
LINDA FANG
Special Litigation Counsel
212-416-8580
Linda.Fang@ag.ny.gov

---

[1] *See North Atlantic Operating Company v. Evergreen Distributors,* LLC, 293 F.R.D. 363 (E.D.N.Y. 2013) (Scanlon, M.J.) ("Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request. . . . Courts may find that there is good cause when 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'") (citations omitted).