



whwllp.com
T: 212-335-2030
F: 212-335-2040

July 7, 2026

**<u>Via ECF</u>**
Chief Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: *Balanced Housing Solutions v. Visnauskas, No. 25-cv-6574 (DG) (VMS)*

Dear Judge Scanlon:

As the Court is aware, the parties in this matter could not agree on a discovery schedule. Unfortunate as that is, we write briefly to explain the basis for our requested schedule.

Whether civil-enforcement authorities are required, under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, to produce exculpatory information remains an open question. By working disclosure of such materials into FRCP's ordinary timeframes, albeit at the front of the order, we side-stepped the need to ask this Court to wade into the issue with a request for expedited discovery.

For the sake of clarity, our belief about the existence of exculpatory materials within Defendant's files is not conjecture. To underscore that point, we respectfully submit a declaration from the former Executive Deputy Commissioner of Defendant DHCR, Woody Pascal, who oversaw the SubRehab program for 16 years, including when the 31 buildings at the core of this dispute were rehabilitated. After a full description of his experience administering the SubRehab Program for 16 years, his two primary conclusions are:

- o "[I]f the record demonstrates that the apartments in these 31 buildings were 80% vacant at the start of construction, without tenant harassment, and 75% of building systems were replaced, the apartments in those buildings ARE deregulated under OB 95-2 and ETPA § 5(a)(5) based on the administration of the SubRehab Program between 1995 and 2023."

- o "[I]f DHCR concedes that the buildings were sufficiently vacant, without tenant harassment, and the buildings' renovations complied with OB 95-2, but DHCR now claims the units remain rent-stabilized, it will have a significant number of documents undercutting its litigation position because DHCR approved hundreds and hundreds of buildings on this specific basis."

¶¶ 58.a–b. DHCR does not, and cannot, seriously contest that all the buildings satisfy the vacancy and system-replacement rules of the SubRehab Program. We believe the documents alluded to in Mr. Pascal's declaration will be directly relevant to our response to DHCR's anticipated motion to dismiss, which is why we organized our schedule as we did.

We hope this information assists the Court in its scheduling decision.

Respectfully,

Jim Walden
Walden Haran Williams LLP
(212) 335-2030
jwalden@whwllp.com