

July 8, 2026

**<u>By ECF</u>**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Scanlon:

I write to respond to Plaintiffs' letter filed yesterday (ECF No. 28) attaching a declaration of a former Deputy Commissioner of Rent Administration at DHCR disclosing the content of intra-agency deliberations (ECF No. 28-1). Plaintiffs did not confer with Defendant regarding the substance of these documents before filing them.

Although they were instructed to state their position on discovery in the July 2 joint status letter, ECF No. 26, Plaintiffs state that their letter is to "explain the basis for [their] requested [discovery] schedule." The letter and declaration, however, do no such thing. Rather, they offer a former officer of DHCR's mental impressions regarding events that allegedly happened years ago and speculation as to the possible existence of certain documents. The letter and declaration point to no exigency that requires deviating from the timeframe provided by Fed. R. Civ. P. 34 to request these documents. Plaintiffs' proposed discovery schedule remains baseless.

At the June 25, 2026 status conference, the Court rejected Plaintiffs' proposal of expedited discovery, yet Plaintiffs continue to seek unilateral expedited discovery via this letter. Plaintiffs propose that Defendant produce certain materials in discovery within 23 days of their serving document requests. Plaintiffs – without agreeing to a discovery schedule or conferring with Defendant – served document requests on July 6, 2026 and request the production of documents they designate as "priority items" by July 29, 2026. These items include, *inter alia*, six years' worth of every document, communication, and administrative decision concerning the substantial rehabilitation exemption, many of which may exist only in hard copy. Defendant did not and does not agree to this schedule, which deviates from Fed. R. Civ. P. 34, allowing parties to respond in writing to document requests within 30 days. Thus, Plaintiffs have not "work[ed] disclosure of such materials into FRCP's ordinary timeframes," as their letter states, and production of the requested documents on Plaintiffs' suggested timeframe is simply not feasible.

Plaintiffs are not entitled to discovery on their unilaterally imposed accelerated schedule, and their submission of a declaration containing a former officer's speculation as to whether certain

materials exist does nothing to bolster their request. Plaintiffs have not moved for expedited discovery upon good cause, and fail to suggest any other basis for imposing their impracticable schedule over Defendant's objection.

Plaintiffs' suggestion that the discovery they seek in this case is comparable to the exculpatory information prosecutors are required to disclose under *Brady v. Maryland*, 373 U.S. 83 (1963), is severely misguided. Plaintiffs seek information in a civil lawsuit that they initiated, rather than as defendants in a criminal case or even as defendants in the pending state enforcement action. Plaintiffs are unable to cite any requirement applicable to "civil-enforcement authorities" that is analogous to that for criminal prosecutors under *Brady*, much less authority for the extension of the *Brady* disclosure requirement to all civil litigation. Regardless, Plaintiffs may request information relevant to their claims under Fed. R. Civ. P. 26 and 34, obviating consideration of whether what they seek is "exculpatory" --which bears no clear relation to Plaintiffs' argument for an accelerated schedule.

Plaintiffs' stated reason for seeking accelerated discovery is to obtain information for use in opposing Defendant's Rule 12(b) motion to dismiss. However, of course, Rule 12(b) does not weigh evidence; it exclusively assesses the complaint's legal feasibility. *See AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed.2004). Courts are not to engage in factfinding when ruling on a motion to dismiss. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Plaintiffs need not oppose the motion to dismiss with evidence supporting their allegations when the motion will argue that, accepting their allegations as true, the complaint nonetheless fails as a matter of law to state a regulatory takings, due process, or equal protection claim, and the Court must abstain from hearing the case under *Younger v. Harris*, 401 U.S. 37 (1971). Furthermore, the information Plaintiffs seek – documents allegedly showing that DHCR previously applied the vacancy presumption differently than they have to Plaintiffs – would be immaterial to the motion to dismiss. The motion to dismiss will argue that, even were the vacancy presumption applied, the subject buildings failed to satisfy the criteria for the substantial rehabilitation exemption in effect since 1987.

Finally, Plaintiffs' filing is improper for the additional reason that the declaration submitted may contain information protected from disclosure by the deliberative process privilege, as it discloses the contents of intra-agency deliberations concerning an alleged policy change, and by the attorney-client privilege, as it apparently discloses legal opinions provided by agency attorneys to the former deputy commissioner in his agency role.

Defendant respectfully requests that the Court disregard Plaintiffs' improper filing and set a discovery schedule in this matter that accords with Fed. R. Civ. P. 34 and allows for the search, collection, review, and production of the voluminous documents Plaintiffs have requested within a feasible timeframe.

Respectfully submitted,

/s/ Bronwyn M. James
BRONWYN M. JAMES
Assistant Attorney General
212-416-8627
Bronwyn.James@ag.ny.gov