

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

July 9, 2026

**<u>By ECF</u>**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Scanlon:

      I write to respond to Plaintiffs' letter filed today (ECF No. 31) concerning the temporary sealing of ECF No. 28-1 (the "Declaration").

      Defendant is diligently exploring and conferring with counsel as to whether the Declaration contains information subject to the attorney-client or deliberative-process privilege. If Defendant determines that asserting privilege is appropriate, she will of course provide a specific basis for that assertion. As this determination requires time for discussion with counsel and as Defendant's lead counsel in this action is on leave until July 14, Defendant thanks the Court for *sua sponte* temporarily sealing the Declaration in order to allow the parties time to resolve any issue of privilege.

      Plaintiffs' suggestion of urgency in determining whether the Declaration should remain under seal is not credible. Plaintiffs state that they intend to use the Declaration in connection with the state action. The purpose of this intended use is unclear: briefing on the motion to dismiss in the state action is complete, and discovery has been stayed pending determination of that motion. *See* C.P.L.R. § 3211(3); Memorandum of Law in Support of Motion to Dismiss, Stay, and Sever, Memorandum of Lw in Opposition, Memorandum of Law in Reply, *People v. Peak Capital Advisors, LLC, et al*, Index No. 453503/2025 (Sup. Ct. N.Y. Cnty. 2025), NYSCEF Doc. Nos. 17, 23, 29. It appears that one of Plaintiffs' intended uses of the Declaration has been for publicity, as it has been shared on LinkedIn by Plaintiffs' associate and/or counsel. Plaintiffs unnecessarily filed the Declaration publicly, purportedly to explain their position as to a discovery schedule. However, Plaintiffs had the opportunity, and indeed were instructed by the Court, to state their position in the parties' joint status letter (ECF No. 27). Plaintiffs were also instructed by the Court to confer with Defendant as to their position before filing the joint letter, yet filed their July 7 letter attaching the Declaration (ECF Nos. 28 and 28-1) after the joint letter was filed, stating further arguments for their position on discovery without conferring with Defendant.

Defendant will continue to confer internally and with Plaintiffs' counsel concerning the possible privilege applicable to the Declaration's contents, and will inform the Court as soon as possible whether she will seek to have the Declaration sealed or partially redacted and, if so, upon what basis.

Respectfully submitted,

/s/ Bronwyn M. James
BRONWYN M. JAMES
Assistant Attorney General
212-416-8627
Bronwyn.James@ag.ny.gov