Office of the New York State
Attorney General

Letitia James
Attorney General

August 24, 2026

**By ECF**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Scanlon:

This Office represents defendant RuthAnne Visnauskas, sued in her official capacity as the Commissioner of the New York State Division of Housing and Community Renewal ("DHCR"). I write to respond to Plaintiffs' letter filed on August 19, 2026 (ECF No. 37) requesting permission to publicly file a revised version (ECF No. 37-1) of the declaration of Woody Pascal (a former Deputy Commissioner of DHCR), originally filed on July 7, 2026 (ECF No. 28-1, as amended, ECF No. 33-1). For the reasons explained below, Defendant respectfully requests that the Court deny Plaintiffs' motion.

As the Court is aware, Plaintiffs first publicly filed a version of the Pascal Declaration ostensibly in support of a letter explaining Plaintiffs' proposal of an expedited discovery schedule (ECF No. 28 at 1). Upon Defendant's objection that the contents of the declaration implicated privileged and confidential information (ECF No. 30), this Court directed it temporarily sealed pending resolution of the privilege issues. *See* Order, dated July 9, 2026.

Notably, however, in the day prior to the Court's sealing order, the declaration was widely publicized on social media by one of Plaintiffs' attorneys,[1] shared and commented on by others in his social media network, and reported on by at least one news organization.

Although Defendant agrees that the declaration as revised (ECF No. 37-1) no longer contains, within its four corners, privileged and confidential information belonging to DHCR, the Court should nevertheless reject Plaintiffs' application because there is no legitimate reason for the filing of the revised declaration. The declaration additionally is not properly considered by the Court at this juncture of the case where Defendant has had no opportunity to test or rebut the

[1] This social media post appears to have since been removed. However, numerous other social media posts by third parties continue to reference or discuss the original post and declaration, and several non-parties have also cited to—and publicly filed—the original declaration in unrelated litigation matters involving DHCR.

assertions contained therein, which Defendant fully intends to do in discovery.

The declaration, which consists of a former DHCR's official's personal opinions and criticisms of DHCR's purported actions, is not relevant to any issue currently pending before the Court and for that reason its filing serves no "proper litigation purpose." *See, e.g.*, *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (LJL), 2025 WL 2298247 at *1-2 (S.D.N.Y. Aug. 8, 2025) (using the court's inherent power to strike documents filed for "strategic media and public-relation purposes"). Courts have the power and indeed, the responsibility, to "protect the judicial process from being 'coopted' and ensure that their dockets" are not used for non-litigation-related purposes. *Id.* (quoting *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019)). Under the circumstances presented here, the Court should reject Plaintiffs' attempt to abuse this Court's docket. *Lively*, 2025 WL 2289247, at *2; *Brown*, 929 F.3d at 51-52 (detailing the court's powers and responsibilities over improper filings and uses of information).

None of Plaintiffs' shifting explanations provide a valid basis for the filing of the revised declaration. The declaration is not relevant to the Court's determination of a discovery schedule, as Plaintiffs originally contended (ECF No. 28 at 1). Plaintiffs do not explain why the untested assertions of a non-party warrant deviating from the ordinary federal civil discovery rules.

Nor is the declaration relevant to Plaintiffs' opposition to Defendant's motion to dismiss, as Plaintiffs now contend (ECF No. 37 at 1). To the contrary, the Court may not consider evidence outside the pleadings (like the declaration) in ruling on a motion to dismiss. *See, e.g.*, *Chambers v. Time Warner Inc.*, 282 F.3d 147, 154 (2d Cir. 2002); *E. Remy Martin & Co. v. Sire Spirits LLC*, No. 21-cv-6838 (AKH), 2022 WL 94882, at *8 (S.D.N.Y. Jan. 10, 2022) (courts "may not consider" declarations filed with opposition to motion to dismiss)

Finally, Plaintiffs' latest assertion that the filing of the revised declaration in this action is necessary so that they can use it "in connection with the state court proceeding" (ECF No. 37 at 1-2) is also meritless. The declaration's filing in this action is not a prerequisite for its use in a different proceeding. Plaintiffs may not use the docket of this Court to legitimize a document that should be offered to the state court to allow the parties there to litigate its admissibility or use—questions that are properly determined by the state court in the state court proceeding.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' application because Plaintiffs have demonstrated no legitimate litigation purpose for the filing of the revised Pascal declaration.

Respectfully submitted,

*/s/ Bronwyn M. James*
BRONWYN M. JAMES
Assistant Attorney General
212-416-8627
Bronwyn.James@ag.ny.gov