WALDEN HARAN WILLIAMS

whwllp.com
T: 212-335-2030
F: 212-335-2040

August 25, 2026

**Via ECF**
Honorable Vera Scanlon
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Balanced Housing Solutions v. Visnauskas, EDNY No. 25-cv-6574 (DG) (VMS)***

Dear Judge Scanlon:

We respectfully ask that the Court deem this letter a response to recent filings by the state defendant (ECF Doc. Nos. 38 and 39).

**Doc. No. 38**: While we disagree with the motive ascribed to us,[1] we agree that the Pascal declaration is no longer relevant to the discovery issues highlighted in our original July 7, 2026 letter (Doc. No. 28). Accordingly, we withdraw the July 7 letter and its attached declaration.

For clarity, and as we explained in our August 19, 2026 letter motion (Doc. No. 37), we plan to resubmit the second amended version of the Pascal declaration, which we revised to accommodate the state's dubious claim of privilege, in connection with our opposition to the state's motion to dismiss and abstain. Our basis for its inclusion is explained in our memorandum of law in opposition, but should such inclusion be deemed improper, we would seek leave to amend the First Amended Complaint to include it in the pleading. Should the state still object, we assume they will make their objection to Judge Gujarati directly.

As the state concedes that the proposed revised declaration does not contain within its four corners any "privileged and confidential information belonging to DHCR," and instead the state details what is in substance a premature motion to strike, the Court could dismiss the sealing issue as moot. If the Court prefers further briefing to determine whether the state's claim of privilege was made in good faith (it wasn't), we trust the Court will so advise.

**Doc. No. 39**: This state's motion for a "protective" order is improper and without any legal basis. We have informed the state that we have not, and will not, ask former Deputy Commissioner Pascal about attorney-client matters. And we have not. As the state concedes, we even offered a stipulation to the same extent. That part of their motion raises no actual

[1] The state's complaint about publicization on social media refers to a post made on the site LinkedIn by an attorney who is not before this Court. After the Court's sealing of the declaration, we requested that the attorney take the post down, which he obliged.

controversy. *See Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 387 (S.D.N.Y. 2018) ("conclusory or speculative statements about the need for a protective order" are insufficient).

Taking a page from the Trump administration's position on the deliberative-process privilege,[2] the state claims we should be prevented from asking Commissioner Pascal about his experience and expertise at DHCR, including its enforcement history while Mr. Pascal oversaw the SubRehab program. The state takes issue with information core to Plaintiffs' claims: that DHCR modified the program's requirements without public notice and applied them retroactively.

Their motion is moot. The cat is already out of the bag. But the state's goal here is mischievous—to cover up a grave constitutional violation in the guise of a common-law privilege. No privilege goes that far. Nor could the Court entertain such an interpretation of FRCP Rule 26(c), which is not available to obstruct the disclosure of misconduct in the guise of a "protective order." *See Gutierrez v. Benavides*, 292 F.R.D. 401, 405 (S.D. Tex. 2013) (rejecting protective order as to "records indicating official misconduct, abuse of power, or constitutional violations by Defendants"); *In re Grand Jury Subpoena dated Aug. 9, 2000*, 218 F. Supp. 2d 544, 561 (S.D.N.Y. 2002) ("The deliberative process privilege is routinely denied in the face of allegations of official misconduct."); *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997) (the deliberative process privilege "disappears altogether when there is any reason to believe government misconduct occurred" because shielding such information "does not serve 'the public's interest in honest, effective government'") (quoting *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir. 1995)). Such a protective order would also represent a prior restraint, in violation of the First Amendment, against a non-party. *See United States v. Salameh*, 992 F.2d 445, 446 (2d Cir. 1993) ("An order that prohibits the utterance or publication of particular information or commentary imposes a 'prior restraint' on speech"). The state cites no authority for this wild application of Rule 26(c).

**More broadly**: It is quite clear that the state intends to file vexatious motions, including to impede discovery, rather than disclose the exculpatory evidence to which Plaintiffs are entitled. We hope the Court will appreciate that we are maintaining an even keel through the acrimony and trying to resolve as many matters as possible, so as not to burden the Court.

Sincerely,

*/s/ Jim Walden*

Jim Walden
Walden Haran Williams LLP
(212) 335-2030
jwalden@whwllp.com

Cc: All Counsel of Record (By ECF)

[2] *See* Client Alert, *DOJ's Office of Legal Counsel Memo on Executive Privilege,* Gibson Dunn (Aug. 24, 2026), https://www.gibsondunn.com/doj-office-of-legal-counsel-memo-on-executive-privilege/.