W|H|W
WALDEN HARAN WILLIAMS

whwllp.com
T: 212-335-2030
F: 212-335-2040

August 28, 2026

**Via ECF**
Honorable Vera Scanlon
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Balanced Housing Solutions v. Visnauskas, EDNY No. 25-cv-6574 (DG) (VMS)***

Dear Judge Scanlon:

Although we had hoped, as recently as our filing of August 25, 2026 (ECF Doc. No. 40), to spare the Court involvement in the continuing gridlock between the parties, I regret to inform the Court that our efforts have failed. We have not met-and-conferred with the Defendant's counsel, the office of the NY Attorney General (NYAG), about the requests herein. Given prior failures in meet-and-confers, we did advise them of our intent to seek the Court's assistance. Thus, we provide the Court with a status report on discovery to date and ask that the Court enter the below order.

**Status Report**

Following this Court's June 26, 2026 order, the parties met and conferred pursuant to FRCP Rule 26(f) and then jointly filed a letter proposing their respective discovery schedules and explaining the reasons for their disagreements (ECF Doc. No. 27). The court did not issue a scheduling order. Plaintiffs served their initial disclosures and first set of interrogatories and requests for admission on July 3, 2026, and their first set of requests for production on July 5, 2026. Pursuant to FRCP Rule 34(b), Defendant's responses to Plaintiffs' requests for production were due 30 days later—August 4, 2026.

Just prior to Defendant's response deadlines, NYAG advised us that it maintained a blanket objection to all but one of our 10 interrogatories and all our requests for admission as improper based on alleged overbreadth, irrelevance, and the seeking of "concessions related to the merits of the state court action." As a compromise, we substantially amended our requests for admission, reducing the number from 151 to four. We served those on August 26, 2026. On Plaintiffs' requests for production, NYAG maintained that they were premature without a court-ordered discovery schedule or a "completed" 26(f) conference, but agreed to produce documents responsive to the requests on a rolling basis.

**So far, NYAG has produced nothing: no documents, no answers to the four RFAs, and no responses to the Interrogatories. Defendant has not responded to our inquiry as to when document production will begin.**[1]

NYAG served its initial disclosures, interrogatories and document demands on August 7, 2026. Our initial responses are due on September 6, 2026.

During this period, the parties have tried to work out a compromise on the Pascal declaration. This was a long and painful process, which has consumed 50 days, as NYAG ignored our requests to work out the dispute and, instead, claimed that our basis for filing the Pascal declaration in the first place was mischievous (it wasn't).

As the Court is aware, we made amendments that addressed NYAG's concerns about the alleged deliberative process privilege concerns. Now, NYAG has filed a protective order request, which has hampered our abilities to fully interview former Commissioner Pascal. While no decision has been rendered, we cannot even speak to Mr. Pascal while it is pending, since it intends to encroach on his disclosures and implicates his rights. If the Court were to grant it, he would need independent counsel to enter an appearance and challenge it. Moreover, until NYAG's request for a protective order over even the revised declaration is resolved, we are uncertain whether and how we may submit it to Judge Gujarati in connection with our opposition to NYAG's motion to dismiss and abstain. The motion will be fully briefed by September 11, 2026, and, as of now, we intend to submit the Amended Declaration as an exhibit. Indeed, our Opposition Motion seeks judicial permission to otherwise amend our First Amended Complaint to include it as an exhibit to the complaint itself.

We trust the Court can see what is happening here. While NYAG has stonewalled in its productions, it is simultaneously trying to obstruct our ability to defend against its motion to dismiss and abstain from hearing this dispute. The fact that this Court ordered quite clearly, on June 26, 2026, that discovery "shall proceed," is of no matter to them. If Defendant produces the exculpatory evidence in its possession—which will show a long history of regulatory approvals over substantially similar buildings to those they sued in the state action—it knows the case is over. We had hoped that filing the Pascal declaration would convince NYAG that its effort was futile. It did not. NYAG is now waging a two-front war.

**<u>Our Requests</u>**

Plaintiffs respectfully write to renew their request for a scheduling order (ECF Doc. No. 27). In connection therewith, Plaintiff modifies its earlier request to address the continuing

[1] Indeed, on August 27, 2026, Defendant revealed that it had paused its document collection on or around August 17, 2026, based on its own unaccepted counterproposal as part of a meet and confer negotiation. Regardless, even this untenable 10-day pause does not explain Defendant's delay and lack of good-faith communication.

disputes with NYAG and to provide clarity to the parties on their various obligations. Plaintiffs therefore respectfully request that this Court:

1) Enter a scheduling order for the parties' discovery.
   a. Plaintiffs renew their proposed discovery schedule (ECF Doc. No. 27), with the modification of extending the dates for:
      i. The production of items designated as priority to September 18, 2026 (from July 29, 2026).
      ii. The production of all other non-privileged documents to October 8, 2026 (from August 18, 2026).
2) Direct Defendant to produce all exculpatory materials within Defendant's files within 30 days of the date of the Court's order. "Exculpatory materials" includes any document in which DHCR reviewed and approved any SubRehab project—whether through applications for Prior Opinions or Exemption Certifications, or in defense of tenant complaints—from the period between and including January 1995 and June 2023. The Order commands that production shall begin within 30 days of the date of the Court's order, but may proceed on a rolling basis thereafter.
3) Deny Defendant's request for a Protective Order, except that Plaintiffs shall not question Mr. Woody Pascal about attorney-client communication with internal counsel at DHCR without prior application to the Court, which may include applications under the crime-fraud exception or other controlling law such as the New York State Administrative Procedure Act.

Plaintiffs also attach as Exhibit A a proposed order to the same extent for the Court's consideration.

Respectfully submitted,

*/s/ Jim Walden*

Jim Walden
Hunter Pearl
Walden Haran Williams LLP
250 Vesey Street, 27th Floor
New York, NY 10281
(212) 335-2030
jwalden@whwllp.com
hpearl@whwllp.com

*Attorneys for Plaintiffs*

Cc: All Counsel of Record (By ECF)