**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

September 2, 2026

**By ECF**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG) (VMS)

Dear Judge Scanlon:

This Office represents defendant RuthAnne Visnauskas, sued in her official capacity as the Commissioner of the New York State Division of Housing and Community Renewal ("DHCR"). I write to respond to Plaintiffs' letter motion filed on August 28, 2026 (ECF No. 41). For the reasons set forth below, DHCR respectfully requests that the Court deny Plaintiffs' motion in its entirety, and further respectfully requests, in light of Plaintiffs' conduct during discovery, that the Court reconsider its decision to allow discovery to proceed, and stay discovery pending resolution of DHCR's motion to dismiss. DHCR's motion to dismiss will be fully briefed by September 11, 2026, and seeks dismissal based on abstention and failures to state a claim.

## I. The Parties' Conduct During Discovery

Following the Court's June 25, 2026 status conference, the parties proposed respective discovery schedules on July 2, 2026. ECF No. 27. On July 3, 2026, without waiting for a discovery schedule to be entered, and without conducting the required Rule 26(f) conference with DHCR, Plaintiffs served 151 requests for admission ("RFAs") and contention interrogatories seeking narrative responses spanning decades. On July 5, 2026, Plaintiffs served document requests and demanded expedited production of certain self-designated "priority items" within those requests. These discovery requests are annexed as Exhibits A-C.

On August 3, 2026, the parties met and conferred at DHCR's request concerning Plaintiffs' RFAs and interrogatories, to which DHCR objected.[1] At this meeting, as Plaintiffs note, DHCR

[1] This is the only meet and confer the parties have had involving Plaintiffs' requests for discovery. Ahead of this meet and confer, DHCR provided Plaintiffs' counsel with citations to cases supporting DHCR's position as to why the RFAs and contention interrogatories were improper. *See generally BAT LLC v. TD Bank, N.A.*, 2018 WL 3626428, *5-6 (E.D.N.Y. July 30, 2018) (striking 157 RFAs on blanket basis for being overly burdensome and not proportional to the needs of the case); *El-Ghazaly v. Kim*, 2025 WL 3132303 (E.D.N.Y. Nov. 10, 2025) (striking interrogatories seeking "narrative concessions on

informed Plaintiffs that notwithstanding its objection to their premature discovery requests under Fed. R. Civ. P. 26(d)(2)(B) (Rule 34 requests are "considered to have been served at the first Rule 26(f) conference"), DHCR was working to gather responsive documents and would be producing documents responsive to the document requests as quickly as possible, and on a rolling basis.

In an August 13, 2026 email, Plaintiffs proposed a stay of discovery pending resolution of the motion to dismiss, along with two other proposals: that Plaintiffs would amend their 151 RFAs, and that DHCR consent to the public filing of the Pascal declaration.[2] Defendant asked Plaintiffs to clarify whether the three proposals were conditioned on each other, and Plaintiffs' counsel responded: "We are open to a discussion as long as it is a meaningful give and take." On August 17, 2026, DHCR informed Plaintiffs that DHCR would not consent to the filing of the Pascal declaration, but would consent to a stay of discovery and, if discovery proceeded and the RFAs were amended, would respond to them rather than moving for a protective order. Plaintiffs' counsel responded that he would "reflect on" our positions on discovery.

Plaintiffs did not respond to these discovery issues until August 26, 2026, when they served amended RFAs (annexed as Exhibit D) and complained about the delay in DHCR's responses to their document requests. On August 27, 2026, Plaintiffs asked to meet and confer about the delay. I responded that I would check on counsel's availability for a meet and confer. An hour and a half later, Plaintiffs' counsel withdrew the request to meet and confer, and declared that no meet and confer was necessary: "Dealing with you guys is simply becoming unworkable. We are not going to confer with you on the 'heads we win, tales [*sic*] you lose' manner in which NYAG seems committed to. We will simply go back to Judge Scanlon." *See* Exhibit E (copy of email).

A day later, on August 27, 2026, Plaintiffs filed the instant motion to compel, seeking (1) an unrealistic and unreasonable discovery schedule (including the *completion* of all fact discovery in 6 weeks); (2) expedited production of some 30 years' worth of DHCR documents; and (3) responses to amended RFAs served just one day prior. *See* ECF Nos. 41, 41-1 (proposed order).

## II. The Motion Should Be Denied on Procedural and Substantive Grounds

The Court should deny Plaintiffs' motion in its entirety without considering its merits. As Plaintiffs admit, the parties have not met or conferred on any of the issues that are the subjects of Plaintiffs' motion to compel, let alone undertaken a good-faith effort to resolve the disputed issues. Rather, Plaintiffs' counsel simply declared that he would not confer with DHCR. *See* Ex. E. Plaintiffs' motion should be denied for the simple reason that it was filed in violation of Section III(b) of Your Honor's Individual Rules. Plaintiffs' suggestion that they skipped conferring with DHCR because of "prior failures in meet-and-confers" (ECF No. 41 at 1) is baseless. *Supra* n.1.

---

liability" for essential elements of defendant's claims). Despite this, the meet and confer was not productive because Plaintiffs' counsel stated at the meeting that he did not understand DHCR's position, but admitted that he had not reviewed the discovery requests in preparation to confer, did not have them before him, and had not read the cases DHCR cited. After the meet and confer, Plaintiffs' counsel asked for another call for DHCR's counsel to "explain"—imposing further avoidable demands on counsel's time.

[2] The Pascal declaration has been the subject of numerous other filings and has consumed a substantial amount of judicial and party resources. *See, e.g.*, ECF Nos. 28, 29, 30, 31, 37, 38.

The motion should also be denied on the merits. *First*, DHCR, while reserving its objection to the document requests as premature under Rule 26(d)(2)(B), is finalizing its responses to Plaintiffs' document requests, and anticipates that it will be able to begin the rolling production of certain responsive documents by early September. This renders much of Plaintiffs' motion seeking production moot.

*Second*, Plaintiffs have not demonstrated any cause to support their unreasonable demands for expedited discovery, including for a plainly unrealistic discovery schedule (*e.g.*, that certain self-designated "priority" documents be produced in 2 weeks, and fact discovery *conclude* within 6 weeks). *See* ECF No. 41-1. The request for expedited discovery is also patently unreasonable in light of Plaintiffs' extraordinarily overbroad discovery requests, which purport to demand, in many cases, irrelevant documents spanning decades. *See, e.g.*, Ex. A (Request No. 4(c) (FOIL requests and responses since 2005); Request No. 8(c)(7) ("all DHCR documents" from 1995 to present); Request No. 8(a) (documents between "1974 and 1995")). Plaintiffs' request is but a continuation of their campaign for expedited discovery, which this Court rejected at the June 25, 2026 conference. No reason exists in this case for any expedited discovery: Plaintiffs do not need any discovery to oppose DHCR's motion to dismiss (an opposition they have already served), which tests the legal sufficiency of Plaintiffs' claims and asserts abstention. *See* ECF No. 38 at 2.

## III. The Court Should Stay Discovery Pending Resolution of the Motion to Dismiss

In June 2026, this Court stated that discovery in this action could proceed pending resolution of DHCR's motion to dismiss. Since then, Plaintiffs have persistently imposed procedurally and substantively improper demands (*see* Exs. A-C), and filed a declaration containing privileged DHCR deliberations for the purported purpose of explaining their request for expedited discovery (ECF No. 28), which they later admitted is not relevant to that request (ECF No. 40 at 1). Their approach to and conduct in discovery have resulted in inordinate burdens on the Court, and on DHCR and DHCR counsel. The instant motion is just the latest example of Plaintiffs' waste of judicial and party resources.

In the interests of judicial economy and conservation of party resources, DHCR respectfully requests that the Court reconsider its determination to allow discovery to proceed pending resolution of the motion to dismiss. Plaintiffs' conduct (and their patently unreasonably burdensome demands) is not indicative of a genuine attempt to obtain relevant discovery for purposes of litigating their federal claims. Rather, Plaintiffs have served disproportionately burdensome discovery demands focused on adducing evidence for and improperly seeking liability concessions from DHCR going to the merits of the claims pending in the state enforcement action. *See, e.g.*, Ex. D (seeking admissions concerning DHCR's evidence for 31 buildings).

Reconsideration is warranted in this case based on Plaintiffs' recent conduct in discovery. *See T.Z. v. City of N.Y.*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (reconsideration may be appropriate based on changed circumstances). Discovery should be stayed in the instant federal action pending DHCR's motion to dismiss, which will be fully briefed in a matter of days. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006) (staying discovery pending motion to dismiss under analogous circumstances). Any delay in discovery in this action would not prejudice Plaintiffs' ability to obtain whatever discovery is warranted in the defense of the state claims in the state action and in accordance with state discovery rules.

Respectfully submitted,

*/s/ Bronwyn M. James*

BRONWYN M. JAMES
Assistant Attorney General
212-416-8627
Bronwyn.James@ag.ny.gov