# Exhibit B

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

---

BALANCED HOUSING SOLUTIONS, by its President, Hank Sheinkopf, PEAK CAPITAL ADVISORS, LLC, 4836 41 STREET OWNERS LLC, 48-33 47TH STREET LLC, 47-21 47TH STREET OWNER LLC, 51ST AVENUE OWNER LLC, 41ST STREET OWNER LLC, 47TH ROAD OWNER LLC, 70 MIDDAGH OWNER LLC, 45TH STREET NEW OWNER LLC, 44TH STREET OWNER LLC, 5317 SKILLMAN OWNER LLC, 32ND STREET OWNER LLC, 3070 44TH STREET OWNER LLC, 4745 43RD STREET OWNER LLC, 4707 OWNER LLC, 4709 47TH AVENUE OWNER LLC, 3093 44TH OWNER LLC, 4127 49TH OWNER LLC, 4542 VERNON OWNER LLC, 131 GREENPOINT OWNER LLC, 586 MANHATTAN OWNER, LLC, 94 MILTON OWNER LLC, 3230 OWNER LLC, 311 ECKFORD OWNER LLC, 250 OWNER LLC, 515 GRAHAM OWNER LLC, 4544 40TH OWNER LLC, 251 NORTH 8TH OWNER LLC, 2559 35TH OWNER LLC, 154 ATLANTIC OWNER LLC, 724 METROPOLITAN OWNER LLC, 101 GREENPOINT OWNER LLC,

Plaintiff,

-against-

RUTHANNE VISNAUSKAS, in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal,

Defendant.

Case No. 1:25-cv-06574

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

***PLEASE TAKE NOTICE*** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Rules"), Plaintiffs, by and through their undersigned attorneys, hereby request Ruthanne Visnauskas,

in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal ("DHCR" or "Defendant") answers in writing, separately and under oath the following interrogatories in accordance with said Rules and the following Definitions and Instructions. Pursuant to Rule 36(b)(2), Defendant shall serve responses to these Interrogatories within 30 days of service.

## DEFINITIONS

1. The Definitions set forth in Plaintiffs' First Set of Requests for Admission, dated July 3, 2026, are hereby incorporated as if fully set forth herein, unless a term is otherwise defined herein.

2. **DHCR Documents** means any and all relevant documents within DHCR related to the Interrogatory in question, including, but not limited to, Advisory Opinions, Operational Bulletins, Prior Opinions, responses to Applications for SubRehab Exemptions, responses to Tenant Complaints, Rent Administrator Decisions, PAR Decisions, or documents such as internal policies, rules, and procedures, as well as DHCR's "schedules, forms, instructions, and the official interpretive opinions and explanatory statements of general policy of the commissioner, including operational bulletins," see 9 NYCRR 2527.11(b), including any and all changes or modifications to any of these overtime.

3. **Any Means** means any regulatory or enforcement powers and authorities possessed by DHCR in relation to the SubRehab Program, including, but not limited to, an Advisory Opinion, Operational Bulletin, a Prior Opinion, a response to or inaction on an Application for SubRehab Exemption, a Tenant Complaint, a lawsuit, an enforcement action, taking a position in an Article 78 proceeding, a letter of warning, a Notice of Intent to Proceed, or other available means.

4. **Changes or Modifications** of a policy means covers internal or external policies

and rule of agency practice, not merely the change of a policy, rule, regulation or practice itself, but any change in interpretation and meaning given by DHCR, including the rationale of basis for the change or modification. If any change was based on a change of law, specify each. If any change was based on a change of interpretation, specify each. If any such change was based on any intra-agency and/or inter-agency communication or directive, specify each. If any such change was based on any communication with any elected official, specify each. If any such change was based on any communication with any person employed by the Office of the New York Attorney General (NYAG"), specify each. To the extent YOUR answers are based on any of DHCR's Documents, cite those documents with specificity, including author, date, title and reference number, if applicable.

5. **"Identify"** with respect to a person means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment, the person's job title, and the person's business and home or mobile telephone numbers. Once a person has been identified in a response in accordance with this instruction, only the name of the person need be listed in subsequent responses identifying that person.

6. **"Identify"** with respect to any event, occurrence, or other fact means to describe the event, occurrence, or other fact, including, wherever applicable, the date, location, persons involved or present, and any known record evidencing it.

7. **"Identify"** with respect to any documents means (1) for any document that has not been produced in this action, either (a) produce the document or, if Defendant is unable or refuses to produce the document, (b) state the (i) type of document; (ii) author(s), addressee(s), recipient(s), and general subject matter of the documents; (iii) date of the document; and (iv) custodian and physical location of the document; or, (2) for any document that has been

produced in this action, state the Bates number of the document.

8. Other Defined Terms are provided in the body of these Interrogatories.

## INSTRUCTIONS

1. Separate and complete sworn responses (or, as the case may be, separate objections) are required for each Interrogatory.

2. Answer each such Interrogatory to the fullest extent possible, specifying Your knowledge, and Your inability to answer the remainder, and state whatever information or knowledge You may have concerning the unanswered portions of the Interrogatory.

3. To the extent YOUR answer to each Interrogatory, even if partial, is based on any of DHCR's Documents, cite those documents with specificity, including author, date, title and reference number, if applicable.

4. If You answer any of these Interrogatories, even if partial, based on interviews, formal or informal, of any fact witness, identify the witness in your answer.

5. Should You find the meaning of any term in these interrogatories to be unclear, then You should assume a reasonable meaning, state what the assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

6. If You object or otherwise decline to set forth in Your response any of the information requested by any Interrogatory, set forth the exact grounds upon which You rely with specificity so as to permit the Court to determine the legal sufficiency of Your objection or position, and provide the most responsive information You are willing to provide without a court order.

7. If You are unable to answer any of the following Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and

complete answers, please so state, including the process you followed in exercising reasonable diligence, including the identities of the people to whom you spoke in an effort to gather the requested information.

8. If You object to any Interrogatory or any portion of any Interrogatory on the ground that it requests information that is privileged (including the attorney-client privilege) or falls within the attorney work-product doctrine, provide the following information:

a. The nature of the privilege or doctrine You claim; and

b. Identify the document or communication.

c. Do not reply on "group" or "batch" entries for allegedly privileged documents.

9. These Interrogatories are continuing in nature and require supplemental or additional responses in accordance with Federal Rule of Civil Procedure 26(e).

**<u>FIRST SET OF INTERROGATORIES</u>**

1. Fully describe DHCR's role in the interpretation, administration, oversight or enforcement of ETPA § 5(a)(5) and RSC § 2520.11(e), including whether it considered or treated deregulation of rent-stabilized apartments to be "self executing" after a substantial rehabilitation of the building in which they exist. If DHCR's interpretation, administration, oversight or enforcement changed over time, provide specific details for every period between 1974 and the present.

2. Fully describe DHCR's basis for its position that each of the Subject Buildings was not in "substandard or seriously deteriorated" condition prior to the substantial rehabilitation of each, without relying on generalities between the buildings, with specific explanations of conditions of each building's exterior, interior, foundation and roof, and conditions of each building's major building systems. In answering this Interrogatory, specify whether DHCR

contests or concedes the applicability of the 80% Vacancy Presumption (the "80VP") for each building based on the then-existing OB 95-2.

3. Based on Your Answer to Interrogatory 1 above, identify every other similarly situated building in the City of New York, all between 1995 and the present, for which DHCR either explicitly or implicitly approved, or declined to contest, as a SubRehab through Any Means.

4. Based on Your Answer to Interrogatory 1 above, identify every other similarly situated building in the City of New York, all between 1995 and the present, for which DHCR contested, denied or rejected as a SubRehab through Any Means.

5. Fully describe the process through which DHCR created, revised and approved OB 95-2 generally, and specifically the basis on which it incorporated the phrase "substandard or seriously deteriorated" (the "SSD Standard") and the 80VP in its language.

6. Fully describe any and all Changes or Modifications to DHCR's understanding or administration of the SSD Standard between 1995 and the present, including changes to Internal DHCR Documents as any relate to the interpretation or application of the SSD Standard. To the extent DHCR's understanding, application or administration of the SSD Standard changed overtime, this Interrogatory requires specificity for every change and during each period from 1995 to the present.

7. Fully describe any and all Changes or Modifications to DHCR's understanding or administration of the 80VP between 1995 and the present, including changes to Internal DHCR Documents as any relate to the interpretation or application of the 80VP, including, but not limited to, (a) the meaning or application of "presumption;" (b) whether or not DHCR treated 80VP as conclusive of prerenovation condition, (c) whether DHCR treated 80% vacancy as a

requirement in order to effectuate a substantial rehabilitation, (d) whether or not DHCR's forms or applications required no information on prerenovation condition if 80VP was satisfied, (e) whether or not any supporting documents were required to demonstrate applicability of 80VP, (f) whether or not DHCR requested or demanded production of Buyout agreements generally or as support for 80VP, and (g) the circumstances in which the existence of Buyouts were either eliminated from 80VP or was used by DHCR to "overcome" or "rebut" the 80VP. To the extent DHCR's understanding, application or administration of 80VP changed overtime, this Interrogatory requires specificity for every change and during each period from 1995 to the present.

8. Fully describe DHCR's official or unofficial position concerning Senate Bill S2980C, and specifically Section 5 part A of the bill, which commanded retroactive applications for all SubRehab rehabilitation projects before the effective date of same, including by describing all intra- and inter-agency communications of DHCR's views or opinions, or the formulation of those views, and including what role, if any, DHCR had in counseling, advising for or against, or causing, the elimination of that provision from the final bill, either by the Office of the Governor, Kathy Hochul or her administration, or the NYS Legislature.

9. Identify all individuals, entities, organizations, departments, elected officials or appointed officials, in State or NYC government or otherwise, who were consulted or interviewed, for any reason, in connection with NYAG's investigation of, or lawsuit against, PCA and the Subject Buildings.

10. Fully describe the basis on which defendant Michael Lohan was named as a defendant in NYAG's Complaint, including the full extent of whether issues of publicity and media attention weighed in favor or against including him as a defendant. This Interrogatory

does not request any privileged communications concerning the legal merits of NYAG's claims but, rather, seeks information only related to the impact, if any, on publicity or media-attention-related factors.

Dated: New York, New York

July 3, 2026

WALDEN HARAN WILLIAMS LLP

By: *<u>/s/ Jim Walden</u>*

Jim Walden
Hunter Pearl
250 Vesey Street, 27th Floor
(212) 335-2030
New York, New York
jwalden@whwllp.com
hpearl@whwllp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2026, a true copy of the foregoing was served via electronic mail to:

Linda Fang and Bronwyn James
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8580
Linda.Fang@ag.ny.gov
Bronwyn.James@ag.ny.gov

*Attorneys for Defendants*

*/s/ Hunter Pearl*
Hunter Pearl