# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BALANCED HOUSING SOLUTIONS, by its President, Hank Sheinkopf, PEAK CAPITAL ADVISORS, LLC, 4836 41 STREET OWNERS LLC, 48-33 47TH STREET LLC, 47-21 47TH STREET OWNER LLC, 51ST AVENUE OWNER LLC, 41ST STREET OWNER LLC, 47TH ROAD OWNER LLC, 70 MIDDAGH OWNER LLC, 45TH STREET NEW OWNER LLC, 44TH STREET OWNER LLC, 5317 SKILLMAN OWNER LLC, 32ND STREET OWNER LLC, 3070 44TH STREET OWNER LLC, 4745 43RD STREET OWNER LLC, 4707 OWNER LLC, 4709 47TH AVENUE OWNER LLC, 3093 44TH OWNER LLC, 4127 49TH OWNER LLC, 4542 VERNON OWNER LLC, 131 GREENPOINT OWNER LLC, 586 MANHATTAN OWNER, LLC, 94 MILTON OWNER LLC, 3230 OWNER LLC, 311 ECKFORD OWNER LLC, 250 OWNER LLC, 515 GRAHAM OWNER LLC, 4544 40TH OWNER LLC, 251 NORTH 8TH OWNER LLC, 2559 35TH OWNER LLC, 154 ATLANTIC OWNER LLC, 724 METROPOLITAN OWNER LLC, 101 GREENPOINT OWNER LLC,<br><br>Plaintiff,<br><br>-against-<br><br>RUTHANNE VISNAUSKAS, in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal,<br><br>Defendant. | Case No. 1:25-cv-06574 |

**<u>PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (AMENDED)</u>**

***PLEASE TAKE NOTICE*** that pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Rules"), Plaintiffs, by and through their undersigned attorneys, hereby serve the following

Amended Requests for Admission ("Requests") to Ruthanne Visnauskas, in her official capacity as Commissioner of the New York State Division of Housing and Community Renewal ("DHCR" or "Defendant") to answer in writing, separately and under oath, the following interrogatories in accordance with said Rules and the following Definitions and Instructions. Pursuant to Rule 36(a)(3), Defendant shall serve responses to these Requests within 30 days of service.

## DEFINITIONS

1. The Definitions set forth in Plaintiffs' First Request for the Production, dated July 3, 2026, are hereby incorporated as if fully set forth herein, unless a term is otherwise defined herein.

2. **80% Vacancy Presumption** means the presumption first established by OB 95-2 Section I.B. that "Where the rehabilitation was commenced in a building that was at least 80% vacant of residential tenants, there shall be a presumption that the building was substandard or seriously deteriorated at that time."

3. **Buyout** means any oral or written agreement between a building owner or its agent, on the one hand, and a tenant or their agent, on the other, to procure the surrender or vacancy of a rent-stabilized apartment in exchange for some form of valuable consideration.

4. **DHCR** means the New York State Division of Housing and Community Renewal, including any predecessor agency responsible for the administration of ETPA § 5(a)(5).

5. **OB 95-2** means Operating Bulletin 95-2, a guidance document issued by DHCR on December 15, 1995 concerning substantial rehabilitation of buildings built pre-1974, where such renovations occurred after 1974.

6. **PAR** means a petition for administrative review before DHCR.

7. **Plaintiff's Renovation Work** means the demolition and construction work performed by Plaintiffs in the period between 2020 and 2023 on the Target Buildings.

8. **Targeted Buildings** means the 31 buildings targeted by DHCR and NYAG: 48-36 41st Street, Sunnyside, New York; 48-33 47th Street, Sunnyside, New York; 47-21 47th Street, Sunnyside, New York; 5-13 51st Avenue, Long Island City, New York; 45-35 41st Street, Sunnyside, New York; 5-35 47th Road, Long Island City, New York; 70 Middagh Street, Brooklyn, New York; 47-34 45th Street, Sunnyside, New York; 47-25 44th Street, Sunnyside, New York; 53-17 Skillman Avenue, Sunnyside, New York; 35-34 32nd Street, Astoria, New York; 30-70 44th Street, Astoria, New York; 47-45 43rd Street, Sunnyside, New York; 47-07 47th Avenue, Sunnyside, New York; 47-09 47th Avenue, Sunnyside, New York; 30-93 44th Street, Astoria, New York; 41-27 49th Street, Long Island City, New York; 45-42 Vernon Boulevard, Long Island City, New York; 131 Greenpoint Avenue, Brooklyn, New York; 586 Manhattan Avenue, Brooklyn, New York; 94 Milton Street, Brooklyn, New York; 32-30 41st Street, Astoria, New York; 311 Eckford Street, Brooklyn, New York; 250 North 6th Street, Brooklyn, New York; 515 Graham Avenue, Brooklyn, New York; 45-44 40th Street, Sunnyside, New York; 251 North 8th Street, Brooklyn, New York; 25-59 35th Street, Astoria, New York; 154 Atlantic Avenue, Brooklyn, New York; 724 Metropolitan Avenue, Brooklyn, New York; or 101 Greenpoint Avenue, Brooklyn, New York.

9. **You** and **Your** mean Defendant.

## INSTRUCTIONS

1. Answer Request in good faith and based on reasonable inquiry. These Requests should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

2. Your good-faith response must address the core or "substance" of each request. A technically correct but misleading or incomplete answer (e.g., denying the whole request because one minor word is off) violates Rule 36.

3. The use of capital letters, lower case letters, or quotation marks in these Requests shall not be construed to limit the scope of any specific Request contained herein.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside its scope.

5. The use of the singular of any word shall include the plural and vice versa, and the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices, as necessary to bring within the scope of the Request all information that might otherwise be construed as outside its scope.

6. In each instance, if any, where You deny knowledge or information sufficient to respond to a Request, or any part thereof, include the following information: (a) describe the steps taken to make reasonable inquiry, including the names of the persons with whom You made inquiry, and (b) identify each person known or believed to have such knowledge. If You lack information to answer a whole Request, You may assert a lack of knowledge only after explaining what reasonable inquiry was made and that the available information is still insufficient (Rule 36(a)(4)). You cannot use partial knowledge as an excuse to answer an entire Request where partial

knowledge requires a partial admission. With respect to these RFAs, it would be unreasonable to respond without carefully questioning the following long-standing DHCR personnel, who are still employed by DHCR: Ruthanne Visnauskas, Sheldon Melnitsky, Betsy Mallow, James Ferrara, Anthony Tatano, Bruce Falbo, Sarah McCray, Jerry Scher, Helen Matthews, and Patrice Huss.

7. If, in responding to this set of Requests, or any part of it, You encounter any ambiguity in construing either any Request or instruction relevant to the Request, You shall construe the Request in the broadest manner reasonably calculated to lead to information relevant to any issues or potential issues in this case and set forth in Your response the construction chosen or used in answering the Request.

8. If Defendant contends that any Request, in whole or in part, is objectionable on privilege grounds or otherwise, state the basis for each objection, state the part of the Request to which the objection applies, and respond to the Request to the extent it is not deemed objectionable.

9. If a partial admission is required, Defendant shall specify the scope of the admissions. For example, if a Request states "Admit that, between 1 and 5 pm, Defendant was at home," and Defendant must give a partial admission, Defendant could state "Admission that defendant was at home between 1 and 4 pm."

10. If, in responding to a Request, Defendant claims any ambiguity in construing either the Request or the Definitions and Instructions relevant to the Request, Defendant shall set forth the matter deemed ambiguous, the construction of the ambiguity that it believes is most reasonable and answer the Request applying that construction.

11. The Requests are continuing in nature and require that You promptly produce additional or amended responses if new or further information is obtained or discovered after the time responses are served in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR ADMISSION (AMENDED)

1. Admit that, prior to Plaintiffs' Renovation Work, all of the Targeted Buildings were 80% or more vacant of tenants.

2. Admit that, with Plaintiffs' Renovation Work, at least 75% of major building systems were replaced in each of the Targeted Buildings.

3. Admit that, prior to the completion of Plaintiff's Renovation Work, DHCR published no written guidance proscribing or limiting the use of tenant buyouts in relation to qualification for the 80% Vacancy Presumption.

4. Admit that, prior to completion of Plaintiff's Renovation Work, DHCR published no written guidance defining "substandard or substantially deteriorated," as used in 9 N.Y.C.R.R. § 2520.11(e), as requiring a showing of pre-renovation uninhabitability.

Dated: New York, New York
August 26, 2026

WALDEN HARAN WILLIAMS LLP

By: */s/ Jim Walden*
Jim Walden
Hunter Pearl
250 Vesey Street, 27th Floor
(212) 335-2030
New York, New York
jwalden@whwllp.com
hpearl@whwllp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, a true copy of the foregoing was served via electronic mail to:

Linda Fang and Bronwyn James
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8580
Linda.Fang@ag.ny.gov
Bronwyn.James@ag.ny.gov

*Attorneys for Defendants*

*/s/ Hunter Pearl*
Hunter Pearl