Office of the New York State
Attorney General

Letitia James
Attorney General

October 13, 2026

**By ECF**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Balanced Housing Solutions v. Visnauskas*, No. 25-cv-6574 (DG)(VMS)

Dear Judge Scanlon:

This Office represents Defendant RuthAnne Visnauskas, sued in her official capacity as the Commissioner of the New York State Division of Housing and Community Renewal ("DHCR"). In accordance with Rule III(b) of the Court's Individual Practices, and pursuant to the Court's order dated September 10, 2026, Defendant respectfully renews her request that the Court reconsider its prior decision to allow discovery to proceed because Plaintiffs are using discovery as a means of abusing the court's docket for public relations purposes and have placed unwarranted burdens on judicial and party resources by engaging in motion practice to press for unreasonable and abusive discovery demands. Defendant therefore respectfully requests that the Court stay further discovery in this action pending resolution of Defendant's motion to dismiss, which was fully briefed and filed on September 11, 2026. Defendant asked Plaintiffs if they would agree to a stay of discovery to obviate further motion practice, and Plaintiffs responded that they would do so only if Defendant would, in addition to first producing documents responsive to the majority of Plaintiffs' document requests, stipulate to disputed facts in the state enforcement action. Defendant declined these terms and thus renews her prior request.

## I. Factual and Procedural Background

Plaintiffs, a group of real estate investors and owners, commenced this action seeking to enjoin a state enforcement action brought by DHCR (and the New York State Attorney General), *People v. Peak Capital Advisors, LLC, et al. ("People v. Peak")*, Index No. 453503/2025 (Sup. Ct. N.Y. Cnty. 2025). One issue in the state action is the rent-stabilization status of 159 apartments owned by Plaintiffs which they claim were deregulated under the substantial rehabilitation ("sub rehab") exemption to the State's rent-stabilization laws. In this court, Plaintiffs claim that the state action seeks to retroactively apply a new interpretation of the exemption, constitutes a regulatory taking as applied to them, and violates their rights to due process and equal protection.

Defendant's motion to dismiss the Amended Complaint is fully briefed and pending before Judge Gujarati. In that motion, Defendant asserts that the federal action should be dismissed in

deference to the ongoing state enforcement action based on, among other things, *Younger* abstention, because Plaintiffs' constitutional claims and merits defenses may be fully and adequately litigated in the state court action—a fact that Plaintiffs expressly conceded in their briefing. *See* ECF No. 44 at 26-27. Additionally, Defendant asserts that all of Plaintiffs' constitutional claims are foreclosed on the merits by numerous binding Second Circuit precedents issued in similar challenges involving the State's rent-stabilization laws.

After mediation was unsuccessful, Your Honor held a status conference on June 25, 2026. Although the parties had previously jointly requested a stay of discovery pending resolution of Defendant's motion to dismiss (ECF Nos. 16, 24), at the June 2026 conference, Plaintiffs pressed for discovery on an expedited basis unilaterally, while Defendant maintained that staying discovery through resolution of Defendant's motion to dismiss was appropriate to conserve judicial and party resources. At that conference, Your Honor advised the parties that the Court would not be granting expedited discovery as Plaintiffs proposed, but stated that discovery may proceed. The Court ordered the parties to jointly file a letter by July 2, 2026 with a proposed discovery schedule (and their respective positions as to areas of disagreement).

On June 29, 2026, the parties scheduled a conference as required under Fed. R. Civ. P. ("Rule") 26(f). Instead of discussing a discovery plan as the Court directed or the proper subjects of discovery and other matters as required by Rule 26(f)(2), (f)(3), Plaintiffs used the conference only to press for expedited discovery – which the Court had already rejected at the status conference – and ended the call when Defendant did not agree to their proposal. On July 2, 2026, the parties submitted materially differing proposals for a discovery schedule (ECF No. 27). The Court has not issued a scheduling order for discovery.

## II. Plaintiffs Have Used Discovery as a Means of Abusing the Court's Docket and Have Imposed Undue Burdens on Judicial and Party Resources

As Defendant has previously set forth in its prior submissions (ECF No. 38), Plaintiffs used this Court's docket to publicize a factual declaration under the guise of explaining their position on a discovery schedule (that they have since admitted is not relevant to that purpose). *Compare* ECF Nos. 28 with 40 at 1. The declaration was immediately publicized upon filing by one of Plaintiffs' attorneys[1], has since been reported on by news organizations, and has been used by Plaintiffs and third parties in the pending state court action[2] and in unrelated litigation matters involving DHCR. Although Plaintiffs to date have failed to articulate any legitimate litigation purpose (ECF No. 38) for the filing of the declaration, the filing has nonetheless consumed an inordinate amount of party and judicial resources. *See* ECF Nos. 28, 30, 31, 32, 33, 37, 38, 39, 40.

[1] The attorney, Alex Fotopoulos, has long represented Peak and its affiliates throughout the State's investigation, and appeared in the mediation in this action.

[2] In the state action, the Real Estate Board of New York has filed a petition seeking to participate as an amicus, citing the contents of the declaration as grounds for participation (*see* Proposed Memorandum of Law of Amicus Curiae, *People v. Peak*, NYSCEF Doc. No. 33, at 1) and as the basis for its primary argument (*id.* at 4, 6-7).

Additionally, as DHCR has previously detailed, Plaintiffs have used discovery to propound patently overbroad and unduly burdensome discovery requests which largely seek information not relevant to Plaintiffs' federal claims. *See* ECF No. 42 at 2-3, Exs. A-C to ECF No. 42. One request, for example, seeks simply "all DHCR documents" from 1995 to the present (Request No. 8(c)(7)). ECF No. 42-3 at 21.

Notwithstanding Defendant's objection to the document requests as prematurely served, Defendant agreed to respond to the requests and search for responsive documents. Indeed, on September 17, 2026, DHCR served responses to Plaintiffs' document requests, and on September 25, 2026, made a production of documents consisting of over two hundred DHCR prior opinions and administrative decisions from the period of 2018 to present. And rather than engaging in any reasonable attempts to make progress on discovery, Plaintiffs instead opted to engage in motion practice (ECF No. 41) advancing unreasonable and unwarranted discovery demands. Without even discussing or appending the discovery demands at issue, Plaintiffs ask the Court to order DHCR to produce everything that Plaintiffs had asked for, and that discovery in the entire case *conclude* within a matter of weeks, even though Plaintiffs themselves had not responded to any of the discovery propounded by DHCR. Plaintiffs' conduct during discovery has placed entirely unnecessary and unwarranted burdens on party and judicial resources.

## III. There is Good Cause for Staying Discovery Pending Resolution of the Motion to Dismiss

In light of the foregoing, Defendant respectfully requests that the Court reconsider its determination to allow discovery to proceed. Reconsideration is warranted in this case based on Plaintiffs' recent conduct in discovery. *See T.Z. v. City of N.Y.*, No. 05-cv-5111, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (reconsideration may be appropriate based on changed circumstances). Discovery should be stayed in the instant action pending resolution of DHCR's motion to dismiss, which is fully briefed and before Judge Gujarati. While the motion is pending, under the guise of discovery, Plaintiffs are improperly using this Court's docket to advance their litigation goals in the state enforcement action – as a way to publish the declaration for others' use (*see supra* n.2), further their public-relations campaign,[3] and press for discovery relevant to Plaintiffs' defenses in the state action rather than to their claims in the federal action (*see* ECF Nos. 41, 42). *See, e.g.*, *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (LJL), 2025 WL 2298247 at *1-2 (S.D.N.Y. Aug. 8, 2025) (courts have responsibility to "protect the judicial process from being 'coopted' and ensure that their dockets" are not being used for "strategic media and public-relation purposes"). While the filing of a motion to dismiss does not on its own constitute good cause for staying discovery, good cause exists for it here.

"In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y.), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024). Here, as in

[3] *See* Erik Engquist, *Tish James seeks to silence whistleblower, REBNY in Peak lawsuit*, The Real Deal (Sept. 24, 2026), available at https://therealdeal.com/new-york/2026/09/24/letitia-james-aims-to-silence-woody-pascal-rebny/.

*Palladino*, the strength of Defendant's motion to dismiss, breadth and burden of Plaintiffs' discovery requests, and lack of prejudice to Plaintiffs all weigh in favor of a stay. Defendant's motion to dismiss presents strong reasons for dismissal of the complaint, on grounds of abstention and failure to state a regulatory takings claim. The Court need not take any position on whether Defendants' motion to dismiss will ultimately prevail in order to find that its strength weighs in favor of a stay. *See Little v. City of New York Dep't of Fin*., No. 20-cv-1979, 2022 WL 3704214, at *3 (E.D.N.Y. Aug. 26, 2022). The Court need only find that it "raises substantial issues with regard to many, if not all, of the causes of action alleged in the complaint." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006); *see also Maddix v. City of New York*, No. 05-cv-5106, 2025 WL 1530648, at *2 (E.D.N.Y. May 29, 2025) (staying discovery although it would be "premature for the Court to wade into" a controversial case law dispute, because the authority cited by the defendants nevertheless raised a substantial argument). In this case, there is no dispute between the parties that Plaintiffs will have a full and fair opportunity to raise all of their constitutional claims asserted here in the ongoing state action.

The breadth of Plaintiffs' discovery requests, not to mention the burden of further motion practice should Defendant fail to meet Plaintiffs' unreasonable demands, also weighs in favor of a stay. Plaintiffs' demands for "all DHCR documents" from a 30-year period beginning in 1995 in order to assess the application of a regulation to their investments made in 2018 are unquestionably overbroad. *See, e.g.*, *Maddix*, 2025 WL 1530648, at *3 (finding breadth of discovery requests stretching back to 1993 weighed in favor of stay of discovery). Furthermore, Plaintiffs have not only requested these documents, but asked the Court to compel their production on a plainly unreasonable timeline. ECF No. 41 at 3. In the last 3 months since the June 2026 conference and the Court's determination that discovery may proceed, Plaintiffs' conduct has already generated 5 pending motions or applications and 11 total filings by the parties. And it is foreseeable that allowing discovery to proceed here will continue to generate a substantial amount of discovery-related motion practice, which will further consume judicial (and party) resources—all of which will be unnecessary if this action is dismissed in deference to the pending state court proceeding, or otherwise dismissed on the merits. *See Chesney*, 236 F.R.D. at 116 (staying discovery pending motion to dismiss filed by school district to prevent the "substantial diversion of public resources, which may not ultimately be necessary").

Plaintiffs also will not be unfairly prejudiced by a stay. The motion to dismiss has been fully briefed. *See, e.g.*, *Palladino*, 245 F.R.D. 270 at 275 (finding stay of discovery would not prejudice Plaintiffs where briefing on the motion to dismiss would be complete in two months). Defendant has already produced the materials Plaintiffs have indicated are of primary importance to their case – namely, DHCR Prior Opinions and administrative decisions concerning the sub rehab exemption from the past 8 years. *See* ECF No. 41 at 3 (describing these categories of documents as priority "exculpatory materials"). Any delay in discovery in this action would not prejudice Plaintiffs' ability to obtain any discovery they are entitled to in the defense of the claims in the state action and in accordance with state discovery rules, which may differ from federal rules. *See, e.g.*, *Mt. Sinai School of Medicine, et al. v. American Tobacco Co., et al.*, 880 F.2d 1520, 1525 (2d Cir. 1989) ("New York State discovery rules and rules in federal court are different").

For the foregoing reasons, Defendant respectfully requests that the Court reconsider its decision to permit discovery to proceed and stay further discovery in this action pending resolution of DHCR's motion to dismiss.

Respectfully submitted,

/s/ Bronwyn M. James

BRONWYN M. JAMES
Assistant Attorney General
212-416-8627
Bronwyn.James@ag.ny.gov